IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IZEL WALTER GARRETT, | : | |
|     Petitioner, | : | 1:18-cv-0677 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KATHY BRITTAIN, PA STATE | : | |
| ATTORNEY GENERAL, | : | |
|     Respondents. | : | |

## MEMORANDUM

### May 31, 2018

On March 16, 2018, Petitioner Izel Walter Garrett ("Garrett") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Court of Common Pleas of Luzerne County, Pennsylvania convictions for second degree murder, conspiracy, robbery, and possessing a firearm with an altered serial number.[1] (Docs. 1, 2). On April 19, 2018, an Order issued directing Respondents to submit a memorandum concerning the timeliness of the petition and file pertinent state court documents. (Doc. 3). Respondents complied with the order on May 11, 2018. (Doc. 6). Petitioner has not filed a reply.

---

[1] The Court received the petition for filing on March 27, 2018. (Doc. 1). However, March 16, 2018, the date Garrett executed the petition will be utilized for purposes of determining the timeliness of the petition. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that the date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date).

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

I. **Background**

On December 15, 2011, a jury convicted Garrett of second degree murder, conspiracy, robbery, and possession of a firearm with an altered serial number. (Doc. 6, pp. 12, 16). The trial court imposed sentence on March 1, 2012. (*Id.* at 17).

Garrett filed a notice of appeal on March 16, 2012. (*Id.*) The Superior Court of Pennsylvania affirmed the conviction and sentence on July 12, 2013. (*Id.* at 28). He filed a petition for allowance of appeal in the Supreme Court of Pennsylvania; the Supreme Court denied the petition on December 4, 2013. (*Id.*) 40). He did not seek review in the Supreme Court of the United States.

Garrett then filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, on August 14, 2014. (*Id.* at 19). The PCRA court denied the petition on December 18, 2015. (*Id.* at 21). Garret pursued an appeal; the Superior Court affirmed the PCRA court's denial of relief on March 10, 2017. (*Id.* at 22; *see also* Superior Court Docket 154 MDA 2016).

On March 16, 2018, Garrett filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.     **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment

3

does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Garrett's direct appeal proceedings concluded on December 4, 2013, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. His conviction became final ninety days later, on March 4, 2014, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. The statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on March 16, 2018, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Garrett successfully tolled the statute of limitations on August 14, 2014, when he filed a timely PCRA. At that point, approximately 163 days of the one year limitations period had elapsed. The statute remained tolled until his PCRA proceedings concluded on March 10, 2017. Garrett was required to file his petition in federal court within 202 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his petition until March 16, 2018, approximately 371 days after his PCRA proceedings concluded.

Garrett's petition is untimely, despite statutory tolling.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See*

*Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Garrett failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 163 days of the one year limitations period to

elapse before filing his PCRA petition. After his PCRA proceedings concluded, he allowed an additional 371 days to elapse prior to filing his petition in federal court.

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, Garrett fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

7

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order will enter.